IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              No. CIV 02-1201 RB/KBM

A 2001 FORD F-150 PICKUP
VIN #1FTRX07L91KA91861,

        Defendant,

and

CATALINA SARMIENTO ARAGON,
TOMAS SARMIENTO VENEGAS,
AND JESUS SARMIENTO (VENEGAS),

        Claimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Strike and for Default Judgment as to the Right, Title and Interest of Claimants Catalina Sarmiento Aragon, Tomas Sarmiento Venegas and Jesus Sarmiento (Venegas) (Doc. 25), filed January 16, 2004.  Jurisdiction arises under 28 U.S.C. §§ 1345, 1355 and 1356.  Having reviewed the record and the relevant law, the Court finds that the motion is well-taken and should be granted.

**I.  Background.**

On September 24, 2002, Plaintiff filed a complaint in rem seeking forfeiture of the subject property.  (Doc. 1.)  On May 30, 2002, the truck was stopped while being used to transport illegal aliens and seized pursuant to 8 U.S.C.§ 1324(b).  (*Id*.)  Claimants filed an answer and counterclaim

on November 19, 2002, seeking return of the truck and reimbursement for loss of use.  (Doc. 6.)

On September 9, 2003, Plaintiff filed a motion to compel discovery on the grounds that Claimants failed to respond to discovery requests.  (Doc. 22.)  Claimants failed to respond to the Motion to Compel.  On December 9, 2003, the Honorable Karen B. Molzen, United States Magistrate Judge, granted Plaintiff's motion to compel and ordered Claimants to respond to the discovery requests by December 24, 2003.  (Doc. 23.)  Judge Molzen expressly warned Claimants that wilful failure to comply with the order could result in the imposition of sanctions, including a judgment against them.  (*Id*.)

## II.  Summary of Pending Motion.

On January 16, 2004, Plaintiff filed a Motion to Strike and for Default Judgment as to the Right, Title and Interest of Claimants on the grounds that Claimants had failed to respond to the discovery requests as ordered by Judge Molzen.  Claimants have failed to respond to this motion.  Jurisdiction arises under 28 U.S.C. §§ 1345, 1355 and 1356.

## III.  Standard.

The court must liberally construe *pro se* litigants' pleadings and hold them to a less stringent standard than required of those prepared by a lawyer.  *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989).  At the same time, the court may not assume the role of advocate for the pro se litigant, and need not accept as true unsupported conclusory allegations.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, pro se litigants must follow the same rules of procedure that govern other litigants.  *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139

(10th Cir. 1994). This standard is applied herein.

**IV. Analysis.**

The Local Rules provide that a response to a motion is due fourteen calendar days after service of the motion. D.N.M.LR-Civ. 7.6 (a). Plaintiff filed the motion to strike and for default judgment on January 16, 2004. Claimants' response was due January 30, 2004. To date, Claimants have failed to respond to the motion to dismiss. Failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5 (b). Pursuant to Local Rule 7.5 (b), Claimants consented to dismissal by failing to file a response in opposition. Accordingly, Plaintiff's motion to strike and for default judgment should be granted pursuant to Local Rule 7.5(b).

In the alternative, the motion to dismiss should be granted due to Claimants' failure to obey court orders and refusal to provide discovery. Rule 37(b)(2)(C) authorizes a trial court to dismiss a case if a party fails to obey an order to provide or permit discovery. Prior to imposing a sanction as severe as dismissal, however, a court should consider the following factors: (1) the degree of actual prejudice suffered by defendant; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court advised the litigant that dismissal would be a likely result of further violations; and (5) the effectiveness of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1993). These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. *Id*.

With respect to the first factor, I find that Plaintiff has been prejudiced in the preparation of its case by Claimants' failure to comply with discovery requests and failure to obey Judge Molzen's discovery order. Without discovery, Plaintiff is unable to adequately prepare its case and test the

validity of Claimants' claims.  Claimants' unnecessary delay has increased costs for Plaintiff, because Plaintiff has been forced to send letters, file a motion to compel, and file a motion to strike or for default judgment.  Moreover, the value of the truck continues to depreciate over time.  Under these circumstances, Plaintiff has been prejudiced by Plaintiff's noncompliance and the resulting delay.  *See Ehrenhaus*, 965 F.2d at 921 (finding prejudice in undue delay and mounting attorneys fees).

The second *Ehrenhaus* factor is also met because Claimants' behavior significantly interfered with the judicial process.  Claimants failed to comply with the local rules concerning discovery.  Claimants disregarded Judge Molzen's order to respond to Plaintiff's outstanding discovery requests by December 24, 2003.  Claimants have obstructed the judicial process that they invoked by filing their affirmative defenses and counterclaim.  Claimants have wasted the time and resources of Judge Molzen and Plaintiff's counsel, thereby substantially interfering with the judicial process.

The repetitious nature of Claimants' blatant disregard of court rules and orders establishes that Claimants have willfully failed to comply with the discovery requests and court orders.  The third *Ehrenhaus* factor has been satisfied.

Turning to the fourth *Ehrenhaus* factor, Judge Molzen gave Claimants notice that failure to respond to the order to show cause would result in dismissal of his suit with prejudice.  This warning satisfies the fourth factor.

Finally, as to the fifth factor, dismissal is usually appropriate only where lesser sanctions would not serve the interests of justice.  *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988).  Thus, in cases where a claimant fails to obey a court order through inadvertence or simple neglect, the deterrent effect can usually be achieved through lesser sanctions.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988).  The extent and redundancy of Claimants' behavior

demonstrates that a lesser sanction, short of dismissal, would not be proper or effective in this case.

## V. Conclusion.

Plaintiff's motion should be granted.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Strike and for Default Judgment as to the Right, Title and Interest of Claimants Catalina Sarmiento Aragon, Tomas Sarmiento Venegas and Jesus Sarmiento (Venegas) (Doc. 25), filed January 16, 2004, is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**